**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| TIFFANY M. WASHINGTON, | DOCKET NUMBER |
| Appellant, | AT-0752-15-0572-I-1 |
| | |
| v. | |
| | |
| DEPARTMENT OF DEFENSE, | DATE: June 28, 2016 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Curtis Mitchell, Jr., Midwest City, Oklahoma, for the appellant.

Phillip Mitchell, Moore, Oklahoma, for the appellant.

Cleora S. Anderson, Esquire, Smyrna, Georgia, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the agency's removal action.   Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2      Prior to her removal, the appellant was a Procurement Analyst, GS-1102-12, with the agency's Defense Contract Management Agency in Smyrna, Georgia. Initial Appeal File (IAF), Tab 1 at 1, Tab 6 at 37. She was removed on charges of Submission of Inaccurate Documents (six specifications) and Conduct Unbecoming a Federal Employee (two specifications). IAF, Tab 6 at 38-39, Tab 7 at 4-9. The charges arose from the relocation of the appellant's duty station from Mobile, Alabama, to the Atlanta, Georgia area and her subsequent submission of expense vouchers for costs associated with the permanent change of station (PCS). IAF, Tab 7 at 4-9. The administrative judge recharacterized the first charge, Submission of Inaccurate Statements, as Falsification based on the agency's description of the charge set forth in its decision letter. IAF, Tab 37, Initial Decision (ID) at 4-5 & n.2. After a hearing, he sustained four of the six specifications of the first charge and one of the two specifications of the second, and he upheld the penalty of removal determination. ID at 1, 4-14. He rejected the appellant's affirmative defense of retaliation for protected equal employment opportunity activity, and the appellant withdrew her claim of sex discrimination.

ID at 15-18. The appellant filed this petition for review. Petition for Review (PFR) File, Tab 1.

The Board has jurisdiction over this appeal.

¶3 The appellant asserts that her removal was improper because the Defense Finance and Accounting Service (DFAS) and the Civilian Board of Contract Appeals (CBCA) were still reviewing her expense vouchers when the removal action was taken. PFR File, Tab 1 at 2-4. She asserts that the agency instructed DFAS to halt its review of her claims, then took action to remove her before either agency could make a final determination regarding payment of her PCS expenses. *Id.* at 4. She explains that the decision to pay or deny a claim lies solely with DFAS, and if DFAS denies a claim, a claimant may appeal to the CBCA as she has done. *Id.* at 3-4. She asserts that the agency should have allowed her to appeal any negative determination from DFAS before it acted, and had she been allowed to correct errors in her submissions, a removal action would have been unnecessary. *Id.* at 4. She concludes that the agency's failure to allow the process of adjudicating her expense vouchers to proceed divests the Board of its jurisdiction over her appeal. *Id.* at 3-4.

¶4 The Board, however, has jurisdiction over removal actions taken under Chapter 75, 5 U.S.C. § 7512(1), and the CBCA has no such jurisdiction. The appellant's appeal before the CBCA pertains to the decision not to pay her claims for expenses associated with her PCS. Her Board appeal pertains to the agency's decision to remove her after she created and submitted allegedly inaccurate documents in support of her expense vouchers. She has not cited any authority supporting her contention that an active appeal before the CBCA would preclude the Board from deciding a related appeal.

¶5 The appellant's assertion that she was not afforded an opportunity to correct the inaccuracies in her expense vouchers is belied by the record. In August 2014, an agency investigator questioned her extensively about her living circumstances, the information contained in her vouchers, and the supporting documentation.

IAF, Tab 7 at 20-24. The investigator offered her the opportunity to corroborate the information in her vouchers, and she declined. *Id.* at 22; IAF, Tab 8 at 11. In July 2014, her union representative filed a grievance on her behalf concerning the unpaid vouchers. IAF, Tab 28 at 49-51; *see id.* at 56. In response, the agency explicitly informed her that her claims were being investigated as potentially fraudulent. *Id.* at 58. She did not request an explanation of the agency's concerns or otherwise respond to those concerns.

¶6      The appellant again had an opportunity to correct the inaccuracies in her vouchers after receiving the Notice of Proposed Removal with its accompanying Report of Investigation and exhibits. IAF, Tab 6 at 61, Tab 7 at 4-29. The Notice of Proposed Removal specifically invited her to refute the allegations by submitting witness statements, affidavits, and other documentary evidence. IAF, Tab 7 at 8. Additionally, she could have met with the deciding official to explain her position, but she did not. *Id.* She submitted only a written response, which included a single exhibit, her agency credit card statement.[2]   IAF, Tab 6 at 51-61. The appellant has not shown that the administrative judge's recharacterization of Charge 1 was erroneous.

¶7      The administrative judge recharacterized the first charge sua sponte from Submission of Inaccurate Documents to Falsification. ID at 4-5. Such a recharacterization, the appellant asserts, violated her right to due process because she did not have the opportunity to defend against a "new" charge. PFR File, Tab 1 at 2, 5. She also argues that it was improper for the administrative judge to recharacterize the charge at the start of the hearing, rather than to do so earlier in the process. *Id.*

¶8      Only the charges and specifications set out in an agency's proposal notice may be used to justify an adverse action. Due process requires that an employee be given notice of the charges against him in sufficient detail to allow him to

---

[2] The agency also points out that the appellant has not sought to correct the record in her CBCA appeal. PFR File, Tab 5 at 15 n.3.

make an informed reply. *Guerrero v. Department of Veterans Affairs*, [105 M.S.P.R. 617](#), ¶ 6 (2007). The Board must adjudicate an appeal solely on the grounds invoked by the agency and may not substitute what it considers to be a more appropriate charge. *Id.* In construing a charge, the administrative judge will examine the structure and language of the proposal notice and decision notice. *Parbs v. U.S. Postal Service*, [107 M.S.P.R. 559](#), ¶ 8 (2007), *aff'd*, 301 F. App'x 923 (Fed. Cir. 2008). The administrative judge should construe a charge in light of its specifications and circumstances. *Id*.

¶9    A charge of falsification, misrepresentation, or lying requires the agency to prove that the appellant intended to deceive or mislead the agency, and she intended to defraud the agency for her own private, material gain. *Boo v. Department of Homeland Security*, [122 M.S.P.R. 100](#), ¶ 11 (2014). Based on the agency's decision letter, the administrative judge found that the reasons underlying the appellant's removal exceeded the mere submission of inaccurate documents and they encompassed "failure to reveal the truth behind [her] actions" and "the submission of false, fictitious, or fraudulent claims." ID at 5; IAF, Tab 6 at 28. The charge label of Falsification thus aptly fits the agency's charge description, of which the appellant undisputedly had notice. IAF, Tab 7 at 6-8.

¶10    We *are*, however, troubled that the administrative judge only gave notice of the characterization on the day of the hearing. Hearing Transcript (HT) at 6-7. The issue was not addressed during the prehearing conference. IAF, Tab 33. The appellant nevertheless failed to show that she was harmed by any error the administrative judge might have made. *See Karapinka v. Department of Energy*, [6 M.S.P.R. 124](#), 127 (1981) (holding that the administrative judge's procedural error is of no legal consequence unless it is shown to have adversely affected a party's substantive rights). The appellant's arguments on review notwithstanding, she benefited when the administrative judge imposed a heightened standard of proof on the agency. In any event, neither she nor her

representative objected to the administrative judge's determination at the hearing. HT at 6-7.

The appellant failed to preserve her objection to exclusion of the proposing official's testimony.

¶11 The appellant asserts that the administrative judge abused his discretion by excluding the proposing official, K.Z., as a witness. PFR File, Tab 1 at 2-3, 5-6. Both parties initially proposed K.Z. as a witness, but the agency withdrew her name, and the administrative judge excluded her testimony. IAF, Tab 26 at 2, Tab 27 at 10, Tab 33 at 7. The appellant explains that the administrative judge's ruling denied her the chance to cross-examine K.Z. in her role as proposing official. PFR File, Tab 1 at 6. She further explains that the deciding official, A.O., was an unacceptable substitute for K.Z. because he lacked the direct knowledge of her expense vouchers about which he would need to answer questions concerning the specific allegations in the proposal notice. *Id.* She concedes, however, that she learned of the administrative judge's ruling during the prehearing conference. *Id.* at 5. The prehearing conference summary does not reflect any objections to the ruling on her part. IAF, Tab 33 at 7. The conference summary states that the parties' objections, corrections, or additions were to be stated on the record at the start of the hearing. *Id.* at 8. At the hearing, the appellant's representative affirmatively stated that he had no objections, additions, or corrections to the written conference summary. HT at 6. The appellant's failure to preserve her objections thus precludes her from asserting them now. *Gonzalez v. Department of Transportation*, 109 M.S.P.R. 250, ¶ 12 (2008).

The appellant has not shown that the administrative judge made erroneous findings of fact.

¶12 The appellant asserts that the administrative judge reached erroneous factual conclusions for Charge 1, Specification 5, in which the agency alleged she submitted an inaccurate voucher for her Temporary Quarters Subsistence Expenses (TQSE). PFR File, Tab 1 at 3, 6-7. The agency charged that she

claimed her TQSE began in late October 2013, and she requested a lump sum reimbursement, but she failed to submit accurate records to show that she had established temporary quarters in the Atlanta area in support of her relocation there. IAF, Tab 7 at 7. The administrative judge found that she submitted only one piece of evidence in support of her voucher: the statement for her Government-issued credit card for the period immediately after her reporting date. The statement shows a single charge of $310.74 for lodging at a Courtyard by Marriott in Atlanta. ID at 9; IAF, Tab 8 at 15. On review, the appellant argues that she did not have to submit receipts for itemized expenses because she elected for DFAS to calculate a lump sum reimbursement that was based on per diem rates under the Joint Travel Regulations (JTR). PFR File, Tab 1 at 7; IAF, Tab 9 at 16. The administrative judge, she asserts, thus erred in finding that she submitted an unsubstantiated request for $1,300 and improperly sustained the specification. PFR File, Tab 1 at 7.

¶13    The basis for the specification, however, was that the appellant could not claim TQSE because she did not actually relocate to the Atlanta area. IAF, Tab 7 at 6-7. Aside from the credit card statement,[3] the administrative judge identified no other record evidence supporting a finding that she had resided in temporary quarters in the Atlanta area for any sustained period of time after initially reporting for duty there. ID at 9. In support of his conclusion, the administrative judge cited the appellant's testimony that she had teleworked from Tennessee from late October 2013 onward, her admission that she never permanently relocated to the Atlanta area, and her testimony that she owned five houses in Mobile. ID at 9-10; HT at 135, 143-45, 257. Additionally, we note, the appellant testified that she lived with a relative in Ellenwood, Georgia, during the time in

---

[3] The credit card statement also shows meals at Atlanta area restaurants on October 22 and 23, 2013, and transactions at Alabama and Atlanta service stations during that time. IAF, Tab 6 at 59, Tab 8 at 14-15. None of these expenses, however, would support a finding that the appellant was entitled to TQSE.

question, but was unable to present proof of her temporary residence or even recall the relative's street address. HT at 141-43, 146. She also testified that she lived in various hotels in the Atlanta area for the better part of 2 years after she reported for duty there, but she presented no documentation regarding such lodging. HT at 146-47, 149-50. The administrative judge concluded that the appellant maintained a residence in Alabama and never relocated to Atlanta after reporting for duty there. ID at 10. Because she did not relocate, she was not entitled to TQSE and thus submitted her reimbursement claim with the intent to deceive or mislead the agency for personal material gain. *Id.* We agree that preponderant evidence supports such a finding.

The removal action was not based on an improper interpretation of the JTR.

¶14 The appellant asserts that the administrative judge based his decision for Charge 1, Specifications 5 and 6, on an improper interpretation of the JTR. PFR File, Tab 1 at 7-9. As stated above, Specification 5 alleged that the appellant filed an inaccurate TQSE voucher because she did not establish a temporary residence in the Atlanta area. IAF, Tab 7 at 7. Specification 6 alleged that she filed an inaccurate statement verifying that she discontinued her residence in Mobile and established a residence in the Atlanta area. *Id.* The appellant asserts that the JTR does not require the employee to establish permanent residency in the new duty location, and instead only requires her to retain lodging receipts or other proof that she occupied temporary lodging for at least 1 night. PFR File, Tab 1 at 8; *see* IAF, Tab 26, Exhibit (Ex.) H at 52. She asserts that she gave unrefuted testimony that she reported for work at her new duty station on October 21, 2013, and documented that she checked into a nearby Courtyard by Marriott that day, thus meeting the requirement. PFR File, Tab 1 at 8; *see* HT at 132; IAF, Tab 6 at 59, Tab 8 at 14.

¶15 The removal action, however, was not based on any interpretation of the JTR. The appellant's entitlement to reimbursement for relocation expenses is not before the Board nor was it the basis for the initial decision. Instead, the

administrative judge had to determine whether the appellant submitted inaccurate expense vouchers and supporting documentation with the intent to defraud the agency for her own private material gain.  ID at 5; *see Boo*, 122 M.S.P.R. 100, ¶ 11.  The administrative judge did so.  Even if the appellant's arguments had merit, she also has not challenged the administrative judge's decision sustaining Specifications 1 and 3 of the charge.  The charge would still stand.  *Burroughs v. Department of the Army*, 918 F.2d 170, 172 (Fed. Cir. 1990) ("[W]here more than one event or factual specification supports a single charge, proof of one or more, but not all, of the supporting specifications is sufficient to sustain the charge.").

The administrative judge did not recharacterize Charge 2, Specification 2.

¶16        Finally, the appellant asserts that the administrative judge recharacterized Charge 2, Specification 2, and erroneously interpreted agency regulations regarding unauthorized computer use.  PFR File, Tab 1 at 9-10.  In Specification 2, the agency alleged that the appellant misused her agency computer by conducting business for a company in which she had an ownership interest.  IAF, Tab 7 at 8.   The appellant asserts that the administrative judge recharacterized this charge by using "identical language to sustain the second charge that he used to sustain Specification 5 of the first charge."  PFR File, Tab 1 at 9.

¶17        The appellant's argument is unavailing.  The administrative judge applied the proper legal standards for the charge of Conduct Unbecoming a Federal Employee.  ID at 11-12; *see Scheffler v. Department of the Army*, 117 M.S.P.R. 499, ¶ 4 (2012) (holding that to prove a charge of conduct unbecoming, an agency is required to demonstrate that the appellant engaged in the underlying conduct alleged in support of the broad label), *aff'd*, 522 F. App'x 913 (Fed. Cir. 2013); *Miles v. Department of the Army*, 55 M.S.P.R. 633, 637 (1992) (explaining that the ordinary meaning of unbecoming is: "unattractive; unsuitable . . . ; detracting from one's . . . character, or reputation; creating an unfavorable impression").  The administrative judge did not reference Charge 1, Specification 5, in his analysis.  Charge 2, Specification 2, pertains to documents the appellant created

pursuant to the misconduct described in Charge 1, Specifications 1 and 3. ID at 12. Notably, she did not challenge the administrative judge's findings for those two specifications.

¶18 The appellant also asserts that the administrative judge misinterpreted the agency's regulation regarding the misuse of Government computing resources. PFR File, Tab 1 at 9-10. She explains that use of agency resources is permitted as long as such use (a) does not adversely affect the performance of official duties by the employee or her organization; (b) is of reasonable duration and frequency, and whenever possible, made during the employee's personal time; (c) serves a legitimate public interest, such as keeping the employee at her desk; (d) does not put Government communications systems to uses that would reflect adversely upon the agency; and (e) does not overburden the agency's communications system or creates no significant additional costs to the agency. *Id.* (citing Department of Defense Regulation 5500.7 § 2-301, which is located at IAF, Tab 26, Ex. UU). The agency has established that the appellant used her agency computer to create inaccurate documentation in support of her expense vouchers. Such an activity does not serve a legitimate public interest, and instead, reflects adversely upon the agency. The appellant's argument is unavailing, and accordingly, we affirm the initial decision.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims: Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate U.S. district court. *See* 5 U.S.C. § 7703(b)(2). You must file your civil action with the district court no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of

prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:                    _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.